13-826
Zhou v. Lynch

BIA
Nelson, IJ
A94 793 308

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand sixteen.

PRESENT:
> ROSEMARY S. POOLER,
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

_____

XIAN ZHOU,
> *Petitioner*,

v.                                          13-826
                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.[1]

_____

---

[1] Loretta E. Lynch is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

**FOR PETITIONER:**          Keith S. Barnett, New York, N.Y.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Xian Zhou, a native and citizen of China, seeks review of a February 12, 2013, decision of the BIA affirming the November 22, 2010, decision of an Immigration Judge ("IJ") denying Zhou's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xian Zhou*, No. A094 793 308 (B.I.A. Feb. 12, 2013), *aff'g* No. A094 793 308 (Immig. Ct. N.Y. City Nov. 22, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

Pursuant to 8 U.S.C. § 1158(a)(3), we lack jurisdiction to review the agency's determination that Zhou's asylum application is untimely. *See* 8 U.S.C. § 1158(a)(2)(B).

Although we retain jurisdiction to review "constitutional claims or questions of law," Zhou merely disputes the agency's fact finding. 8 U.S.C. § 1252(a)(2)(D). We dismiss his petition as to asylum for lack of jurisdiction. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 333 (2d Cir. 2006).

We deny the petition as to withholding of removal and CAT relief. For asylum applications, like Zhou's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in the applicant's statements and other record evidence without regard to whether they go "to the heart of the applicant's claim," and the "inherent plausibility" of the applicant's account. 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231; *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's adverse credibility determination.

In finding Zhou not credible, the agency reasonably relied on the following inconsistencies and implausibilities. First, the record shows that Zhou's testimony that he saw his witness, Yue Yan Liu, at church the day before his merits hearing was refuted by Liu, who

3

testified that she had not attended church for three or four weeks. This inconsistency called into question Zhou's assertion that he was a practicing Christian. The record also supports the agency's finding that it was implausible that Zhou was able to leave China--without incident and using his own passport--at a time when Chinese authorities were looking for him, particularly as he was unable to answer questions about when he obtained his passport. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2009) (declining to disturb an implausibility finding where it is "tethered to the record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived").

The second implausibility finding is also supported by the record. Zhou testified that both pastors of his American church were unable to attend his hearing because they were both preparing sermons to deliver at 1:30 p.m. that day. Zhou's explanation for their inability to testify at 8:30 a.m.--because they were both preparing sermons--was not one the agency was compelled to accept. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

4

Zhou's lack of corroboration provided further support to the adverse credibility determination. "An applicant's failure to corroborate . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has . . . been called into question." *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency's corroboration determination centered on Zhou's testimony that Chinese authorities had visited his mother to question her about his whereabouts, and pushed his mother to the ground on one occasion. Comparing his mother's letter to this testimony, the agency found it significant that the letter did not mention these incidents even though it had been prepared to support Zhou's application. The agency properly considered this omission in making its adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 166 n.3.

Nor did the IJ err in finding that Zhou could have provided letters from his father and brother. The IJ was not required to accept Zhou's explanation that his father did not graduate from elementary school, his mother could not help his father write a letter, and his brother had not

5

been caught by authorities and lived with his parents. Zhou's explanation was, in essence, non-responsive; he did not actually explain why his mother could not help his father or why his brother could not write a letter. *See Majidi*, 430 F.3d at 80-81.

Finally, the IJ's isolated comment that Zhou seemed to have "selective memory loss" because he could not recall certain events, did not demonstrate bias. Instead, when read in context, the comment seems to distinguish between Zhou's detailed testimony regarding some aspects of his claim, and the complete lack of information about others.

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6